## D. H. Bogie *v.* Caleb W. West et al.

**Descent and Distribution—Set-off—Mutual Demand.**
> A claim as a set-off, against an estate, on a note given the administrator for purchase of lands, is not a mutual demand and cannot be allowed. It can only be used as an equitable set-off against the estate.

**Same—Attorney's Fees.**
> An attorney's fee against the defendant should not be allowed. It should be as against all the defendants.

**Same.**
> Nor should costs be deducted from the share of the estate descending to such devisee. It should be taxed proportionately.

APPEAL FROM MADISON CIRCUIT COURT.

December 21, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

Although it appears that the appellees, Caleb W. West and William W. West, were the administrators of their father, James B. West, deceased, the note for $946.48, which is the foundation of this suit, was executed to them, as agents for the heirs of said decedent, by the appellant, D. H. Bogie and J. H. West, in consideration of land which descended from said James B. West to his heirs, part of whom were the plaintiffs, and the defendant J. H. West, and the wife of Bogie.

The answer of Bogie representing that there were eight of said heirs, claimed that he was entitled to retain his wife's share of the proceeds of the land, and also pleaded as a set-off a claim against J. B. West's estae for $262, and a claim of $40 against one of the plaintiffs, prayed that they be compelled to bring the other heirs before the court, and to settle their accounts as administrators. The answer was made a cross-petition against the plaintiffs, but not the other heirs. But the latter seem to have been made parties by an amended petition, and to have filed an answer, but the clerk states that the amended petition is not among the papers, hence not copied. Before the trial of the cause, the court on motion of the plaintiffs struck out so much of Bogie's answer as plead as a set-off his said claim of $262.

On final hearing the court gave judgment for the plaintiff for said sum of $946.48, subject to the credits admitted by the plaintiffs. But the judgment erroneously directs that interest be computed on the debt from January 1, 1861, instead of January 1, 1867. The time of the maturity of the note. And the judgment allows a retainer in favor of Bogie and wife for one-eighth part of the debt "after paying the costs," and directs the payment of a fee of $30 to the plaintiffs' attorney out of the judgment.

Bogie seeks a reversal.

The claim against J. B. West's estate and that sued on by the plaintiffs were not mutual demands, and the appellants claims therefore, were not a legal set-off, and he alleged no sufficient equitable grounds to authorize the set-off in equity. There was no error, therefore, in striking out that part of the answer. But as the judgment must be reversed on other grounds, the appellant should be allowed to amend his answer on the return of the cause, if sufficient reasons shall be disclosed for allowing his claim to be prosecuted as an equitable set-off.

But the judgment is erroneous, as already shown, in the matter of interest; also in ordering the plaintiffs' attorneys fee to be paid out of the fund in controversy, so as to devolve part of it on the defendants, beyond the sum legally taxable in the costs. It is also deemed erroneous in not allowing the appellant and his wife to retain her share of one-eighth part without deducting from it the costs, which should have been adjudged in the usual manner.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Burnam, Turner, for appellant.*